Hand-Delivered

FILED
CHARLOTTE, NC

MAR 14 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**BARRY E. CLOER and DEBRA C. CLOER,**
*Plaintiffs,*

v.

**CALDWELL COUNTY COURT, CALDWELL COUNTY CLERK OF COURT'S OFFICE, UNKNOWN CLERK(S) & OFFICIALS OF CALDWELL COUNTY COURT, SURETY BOND(S) OF CALDWELLCOUNTY COURT OFFICIALS & THEIR SURETYBOND COMPANY, WELLS FARGO BANK, N.A., BROCK & SCOTT, PLLC, CAROLINA TRUSTEE SERVICES, LLC, JOHN AND JANE DOES 1-10, in their official and individual capacities, representing any and all unknown clerks, agents, and employees of the Caldwell County Clerk of Court's Office who participated in or facilitated the wrongful foreclosure actions, procedural misconduct, or obstruction of due process.**
*Defendants.*

Case No.: 5:25-cv-35-KDB

**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES**

COME NOW Plaintiffs, Barry E. Cloer and Debra C. Cloer, appearing pro se, and file this Complaint against Defendants for violations of federal and state laws regarding fraudulent foreclosure, due process violations, and judicial misconduct. Plaintiffs seek declaratory and injunctive relief, compensatory damages, and punitive damages.

**I. JURISDICTION & VENUE**

1. **This Court has jurisdiction pursuant to 28 U.S.C. § 1331** (Federal Question) as this case arises under:

    - **11 U.S.C. § 524(a)** (Bankruptcy Discharge Injunction)
    - **11 U.S.C. § 362(a)** (Automatic Stay Violations)
    - **5th & 14th Amendments** (Due Process Violations)
    - **28 U.S.C. § 455(a)** (Judicial Conflicts of Interest)

2. **Supplemental jurisdiction exists under 28 U.S.C. § 1367** for state law claims, including:

    - **NC Gen. Stat. § 45-21.16** (Foreclosure Notice & Hearing Requirements)
    - **NC Gen. Stat. § 1-75.4** (Jurisdiction over Out-of-State Parties)
    - **NC Gen. Stat. § 75-50 et seq.** (North Carolina Unfair and Deceptive Trade Practices Act)
    - **NC Gen. Stat. § 14-100** (Obtaining Property by False Pretenses)

3. **Venue is proper in the Western District of North Carolina** because of the unlawful foreclosure actions and judicial misconduct occurred in Caldwell County, North Carolina.

## II. PARTIES

4. **Plaintiffs Barry E. Cloer and Debra C. Cloer** are residents of Caldwell County, North Carolina, and the lawful owners of **319 Legion Road, Hudson, NC 28638.**

5. **Defendant Caldwell County Court**—A judicial entity responsible for overseeing civil litigation, including foreclosure cases.

Page 2 of 8
#03142025
Case 5:25-cv-00035-KDB-SCR    Document 1    Filed 03/14/25    Page 2 of 8

6. **Defendant Clerk of Court's Office**--Responsible for maintaining court records and ensuring due process in legal proceedings.

7. **Defendant Unknown Clerk(s) & Officials of the Caldwell County Court, in their individual and official capacities**—Including but not limited to the Assistant Deputy Clerk(s) responsible for overseeing foreclosure cases, whose identities are currently unknown. These individuals are being sued in both their official and personal capacities for violating due process and engaging in misconduct under color of law.

8. **Defendant Surety Bond(s) of Caldwell County Court Officials & Their Surety Bond Company**—Including but not limited to the official surety bond(s) covering Caldwell County Court officers, clerks, and judicial staff. The surety bond company and bond numbers are currently unknown but will be identified through discovery.

9. **Defendant Wells Fargo Bank, N.A.**—Knowingly engaged in wrongful foreclosure and unlawful debt collection practices.

10. **Defendant Brock & Scott, PLLC**—Legal counsel for Wells Fargo, engaged in wrongful foreclosure process, and continued foreclosure actions despite the lack of legal standing.

11. **Defendant Carolina Trustee Services, LLC**--Acting as the substitute trustee in the foreclosure wrongful foreclosure process, while representing conflicting interests.

12. **Defendants John and Jane Does 1-10**—Including any unknown parties within the Clerk's Office, surety bond companies, or financial entities involved in facilitating the foreclosure process.

## III. FACTUAL ALLEGATIONS

### A. FRAUDULENT FORECLOSURE ACTION

11. **Plaintiffs' mortgage was discharged in a 2010 Chapter 7 bankruptcy. (11 U.S.C. § 524(a))**

12. **Under federal law, a discharged debt cannot be collected, enforced, or foreclosed upon.**

13. **Despite this, Wells Fargo and its attorneys continued to collect payments for over a decade.**

14. **In 2025, Wells Fargo initiated a foreclosure sale in violation of bankruptcy law.**

15. **Recorded telephonic consumer actions confirm that Wells Fargo admitted the debt was discharged yet still proceeded with foreclosure.**

### B. COURT MISCONDUCT & JUDICIAL COLLUSION

16. **Plaintiffs sought emergency relief from the Caldwell County Clerk's Office but were obstructed at every step.**

- Under NC Gen. Stat. § 45-21.16(d), foreclosure hearings must be conducted impartially, and the Clerk must determine whether the lender has the right to foreclose based on evidence presented.
- Plaintiffs attempted to present evidence showing the foreclosure was unlawful due to a discharged mortgage (11 U.S.C. § 524(a)) and violations of due process, but court officials refused to review or acknowledge the evidence.

- Case Law Support: *Fuentes v. Shevin, 407 U.S. 67 (1972)* – The U.S. Supreme Court held that a person must be given a meaningful opportunity to be heard before losing property rights. Plaintiffs were denied this right by being blocked from presenting evidence.

17. **Clerks refused to provide access to a Superior Court judge, violating due process. (NC Gen. Stat. § 45-21.16)**

- NC Gen. Stat. § 45-21.16(d1) requires that if the Clerk makes an adverse ruling in a foreclosure case, the party has the right to appeal to the Superior Court for judicial review.
- Plaintiffs were denied access to a judge entirely, preventing any meaningful appeal or legal review of the case.
- Case Law Support: *Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)* – The U.S. Supreme Court ruled that blocking access to a judicial forum constitutes a due process violation.

18. **Plaintiffs requested copies of the Clerk's Oath of Office and Surety Bonds, which were unlawfully withheld.**

- Under NC Gen. Stat. § 7A-103(7), the Clerk of Court is required to maintain an official record of court documents and provide access upon request.
- The Clerk's Oath of Office is public record and should have been made available under NC Public Records Law (NC Gen. Stat. § 132-1).

- Case Law Support: *Stone v. University of Maryland*, 855 F.2d 178 (4th Cir. 1988) – Courts have ruled that denying access to official records and preventing transparency constitutes a procedural due process violation.

- Refusing to provide this information raises further concerns of judicial misconduct and potential financial conflicts of interest.

- Available public records and financial disclosures indicate that the Caldwell County Clerk of Court's Office operates within a judicial system that has financial interests in mortgage-backed securities (MBS). Under NC Gen. Stat. § 45-21.16, the Clerk of Court is required to impartially determine whether a foreclosure is lawful. Additionally, under 28 U.S.C. § 455(a), no judicial officer may preside over a matter in which they have a financial interest. If foreclosure proceedings are being conducted under a system with direct financial ties to mortgage-backed securities, this raises serious concerns of judicial bias and conflicts of interest. This financial entanglement creates an illegal conflict of interest under federal judicial ethics rules.

## C. FEDERAL DISASTER RELIEF VIOLATIONS

19. **Plaintiffs' home sustained over $100,000 in damages due to Hurricane Helene.**

20. **Foreclosing on disaster-affected homes during federally recognized repairs is unlawful.**

21. **Defendants' foreclosure attempt violates federal disaster relief protections.**

## IV. CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF BANKRUPTCY LAW (11 U.S.C. § 524(a))

22. **Defendants engaged in illegal debt collection by attempting to foreclose on a discharged mortgage.**

### COUNT II – DUE PROCESS VIOLATIONS (5TH & 14TH AMENDMENTS)

23. **Defendants Caldwell County Court and Clerk's Office obstructed Plaintiffs' ability to seek legal relief.**

### COUNT III – FRAUDULENT MISREPRESENTATION

24. **Defendants knowingly misrepresented the legal status of the mortgage and foreclosure process.**

### COUNT IV – JUDICIAL MISCONDUCT & CONFLICT OF INTEREST

25. **The Court's financial investment in mortgage-backed securities presents a direct conflict of interest.**

### COUNT V – WRONGFUL FORECLOSURE

26. **Defendants pursued foreclosure without a valid court order, violating NC Gen. Stat. § 45-21.16.**

## V. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

1. **DECLARE that Defendants violated federal bankruptcy law.**
2. **DECLARE that Defendants violated Plaintiffs' due process rights.**

3. **ENJOIN Defendants from proceeding with the foreclosure.**

4. **ORDER a full evidentiary hearing exposing judicial conflicts of interest.**

5. **AWARD Plaintiffs compensatory and punitive damages for financial harm, emotional distress, and legal violations.**

6. GRANT any other relief this Court deems just and proper.

**FURTHER AFFIANT SAYETH NAUGHT.**

**Expressed Date: March 14, 2025**

Respectfully Submitted in Good Faith,
All Rights Reserved,

By: *Barry Cloer*
Barry Cloer

By: *Debra Cloer*
Debra Cloer