IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00035-KDB-SCR

| | |
|---|---|
| DEBRA C. CLOER AND BARRY E. CLOER, <br><br> Plaintiffs, <br><br> v. <br><br> CALDWELL COUNTY COURT, ET AL., <br><br> Defendants. | MEMORANDUM AND ORDER |

**THIS MATTER** arises out of a property foreclosure proceeding in the North Carolina Superior Court for Caldwell County. Plaintiffs contend that the foreclosure is unlawful because it violates the terms of Plaintiff Barry Cloer's bankruptcy and further allege that the Caldwell County Clerk of Court and other government Defendants mishandled the foreclosure, thereby infringing on their constitutional rights. Now before the Court are Defendants' Motions to Dismiss (Doc. Nos. 10, 15, 25) and Plaintiffs' Motion to Compel, Motion to Acknowledge Proper Service and Strike Limited Appearance Defenses, and Motion to Supplement Exhibits to Federal Complaint (Doc. Nos. 11, 12, 13). After careful consideration of all of the Parties' arguments and exhibits (including Plaintiffs' "supplemental" exhibits), the Court finds that Defendants' Motions to Dismiss should be granted and this action dismissed. (With this conclusion, the Court need not decide Plaintiffs' motions, which will be denied as moot).

Most simply put, to the extent that Plaintiffs have valid claims related to the disputed foreclosure (and Plaintiffs have not yet presented factual allegations that suggest they do), those claims belong in the North Carolina state courts. "Under the Rooker-Feldman doctrine, lower

1

federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). More specifically, claims by borrowers challenging state foreclosure proceedings are barred by the doctrine. *See Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231 (4th Cir. 2013) (holding that Rooker-Feldman barred the [federal] district court from hearing borrower's claim challenging a [state] foreclosure proceeding when the court would have to review and overturn the clerk's determinations to grant the relief requested.); *see also Myers v. Mr. Cooper Mortg., LLC*, No. 3:18-cv-00283-MOC, 2018 U.S. Dist. LEXIS 114380, *4 (W.D.N.C. July 10, 2018) ("Courts have consistently applied the Rooker-Feldman doctrine to dismiss claims requesting federal district court review of a state court's foreclosure proceedings.")

Plaintiffs' underlying claims also require dismissal. First, the foreclosure proceedings are not prohibited by Mr. Cloer's bankruptcy; to the contrary, they are specifically authorized. *See* Doc. No. 27-6 (Cloer Bankruptcy Order of Discharge) ("[a] creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclosure a home mortgage.").[1] Because all of Plaintiffs' claims against the private Defendants – Wells Fargo Bank, N.A., Brock & Scott, PLLC and Carolina Trustee Services, LLC – depend on the incorrect assertion that the foreclosure is not permitted under the bankruptcy, they must be dismissed.

Second, Plaintiffs' claims against Caldwell County Court, Caldwell County Clerk of Court's Office, and Unknown clerks and officials of Caldwell County (in their personal and official

---

[1] There is no allegation nor evidence that the Deed of Trust was avoided or eliminated in the bankruptcy.

capacities) (together, the "Clerk Defendants") cannot proceed. As thoroughly explained in the Clerk Defendants' memorandum in support of their Motion to Dismiss, Doc. No. 10-1, Plaintiffs have sued an entity – Caldwell County Court – that cannot be sued under North Carolina law and the other Clerk Defendants are protected by Eleventh Amendment and judicial immunity. *See Kalishwar Das v. Mecklenburg Cty. Superior Court Admin.*, No. 3:23-CV-00514-KDB-SCR, 2024 U.S. Dist. LEXIS 3925, *3 (W.D.N.C. Jan. 8, 2024) (dismissing claims against "Mecklenburg County Superior Court Administration" pursuant to Rule 12(b)(2)); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" barred by the Eleventh Amendment); N.C. Gen. Stat. §§ 7A-40, 7A-102; *Shaw v. Harris*, No. 5:12-CV-804-BR, 2013 U.S. Dist. LEXIS 136719, at *21-22 (E.D.N.C. Sep. 24, 2013) (finding judicial immunity applies to clerks and assistant clerks for actions taken in connection with foreclosure action unless they are made in the clear absence of jurisdiction).

Accordingly, for the reasons summarized above and further explained in detail in the Defendants' memoranda of law, Defendants' Motions to Dismiss will be granted and this action dismissed in its entirety.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motions to Dismiss (Doc. Nos. 10, 15, 25) are **GRANTED;**
2. Plaintiffs' pending motions (Doc. Nos. 11, 12, 13) are **DENIED** as moot; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: September 30, 2025

Kenneth D. Bell
United States District Judge